UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LADELL HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:19-cv-00824 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| WEXFORD HEALTHCARE SERVICE, | ) | |
| ROB JEFFREYS, in his official capacity, | ) | |
| RANDY PFISTER, in his official capacity, | ) | |
| SALEH OBAISI, in his individual capacity, and | ) | |
| MARLENE HENZ, in her individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Ladell Henderson, filed his first amended complaint against defendants alleging that his constitutional rights under the Eighth Amendment had been violated while incarcerated within the Illinois Department of Corrections ("IDOC") and confined at Stateville Correctional Center ("Stateville"). Defendant Randy Pfister, the warden of Stateville, brings the instant motion to dismiss all claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons outlined below, this Court grants Pfister's motion to dismiss without prejudice and grants Henderson leave to file an amended complaint. *Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.*, 786 F.3d 510, 518 (7th Cir. 2015) (there is a "presumption in favor of giving plaintiffs at least one opportunity to amend.").

**Background**

The Court takes the following facts from the first amended complaint and treats them as true for the purposes of this motion. At all times relevant to the complaint, Henderson was an inmate of the IDOC and was incarcerated at Stateville. He has long been suffering from end stage renal disease, which requires frequent treatments of hemodialysis. To facilitate his dialysis

treatments, Henderson had stents and grafts medically inserted into his left arm. In February of 2017, Henderson experienced blood clotting in his left arm, leaving the grafts and stents inoperable for his hemodialysis treatments. As a temporary fix, a catheter was medically inserted into Henderson's chest to allow vascular access for hemodialysis. Multiple times, Henderson submitted requests to the medical staff at Stateville to schedule an appointment to fix the grafts and stents and repair the temporary catheter, but to no avail.

Eventually, on November 16, 2017, Henderson was taken in for treatment at the University of Illinois Hospital, where the doctors informed him that his temporary catheter had been in place for too long causing permanent damage to Henderson's veins. Because of this damage, future dialysis treatments became less effective, and the specialist at the hospital informed Henderson that he would need a kidney transplant to treat his condition. When Henderson told the medical director of Stateville at the time, Saleh Obaisi, that he would need a kidney transplant, Obaisi told him that would not happen and that his "luck has run out." Further, Obaisi informed Henderson that he would not be added to the transplant recipient list because of his status as an inmate serving a life sentence and the expenses involved. Henderson stated that neither IDOC nor Wexford Health Care Services ("Wexford"), the company providing medical services to the inmates at Stateville, would be willing to pay for Henderson's transplant.

Henderson claims that Randy Pfister, as warden of Stateville, had a duty to ensure that the facility at all times complied with the United States Constitution and federal laws. By refusing to facilitate and pay for the kidney transplant, Henderson alleges that defendants, including Pfister, acted with deliberate indifference to his health needs in violation of their duties. As a result, Henderson has been deprived of his Eighth Amendment right to be free of cruel and unusual punishment. He has suffered severe pain and disability and will continue to suffer severe pain and disability. In his first amended complaint, Henderson asks this Court for a preliminary and

permanent injunction ordering Pfister and the other defendants to immediately place him on a kidney transplant list and take all necessary steps to facilitate a kidney transplant, including paying all costs required.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**Discussion**

Henderson alleges that Pfister violated his Eighth Amendment rights by refusing to facilitate and pay for a kidney transplant constituting deliberate indifference to his serious medical needs. To establish an Eighth Amendment violation, the plaintiff must show that a defendant was deliberately indifferent to "an excessive risk to inmate health or safety." *Sinn v. Lemmon*, 911 F.3d 412, 419 (7th Cir. 2018). To meet this standard, (1) "the harm to which the prisoner was exposed must be an objectively serious one;" and (2) judged subjectively, the defendant-official "must have actual, and not merely constructive, knowledge of the risk." *Id.* "For this second element, 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id.* (citation omitted).

The parties do not dispute that end-stage renal disease is an objectively serious medical condition that would potentially present great risks to Henderson's heath.  Thus, the analysis turns to whether Henderson has sufficiently pleaded enough factual details to support the inference that Pfister had actual knowledge of Henderson's health conditions and the associated risks.  In Henderson's first amended complaint, he only states that Pfister, as warden of Stateville, had a duty to ensure the heath and well-being of Henderson and to oversee the compliance of the facility with federal and constitutional laws.  Then, he conclusively states that Pfister failed to uphold his legal and constitutional obligations by refusing to facilitate and pay for a kidney transplant amounting to deliberate indifference.  These conclusory statements do not demonstrate that Pfister had actual knowledge of Henderson's present health risks or that he was deliberately indifferent to any such risks.

In Henderson's response brief, he argues that Pfister was aware of Henderson's grievances because, as warden, he signed off on their dismissal.  However, this was shown in an attachment to his original complaint, and none of these facts are alleged in Henderson's first amended complaint. Although attachments and other documents central to a complaint may be considered for the purposes of a motion to dismiss, *see Cmty. Bank of Trenton v. Schnuck Mkts., Inc.*, 887 F.3d 803, 809 n. 2 (7th Cir. 2018), an amended complaint supersedes the original rendering the original complaint void. *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, n. 1 (7th Cir. 2004).  Additionally, it is well-settled that "a plaintiff may not amend his complaint in his response brief."  *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011).  Based solely on the facts presented in the first amended complaint, Henderson has failed to allege anything more than Pfister's position as Stateville's warden.  Without more substance that nudges the deliberate indifference claim across the line from conceivable to plausible, there is not enough to support an inference that Pfister is liable.  *Twombly*, 550 U.S. at 570.

Moreover, even if the Court considered the attachments that show Pfister signed off on Henderson's grievances, that fact alone is insufficient to establish Pfister's personal involvement. *See Gevas v. Mitchell*, 492 F. App'x 654, 660 (7th Cir. 2012) (dismissing a complaint where plaintiff did not allege any personal involvement by the warden outside of the grievance process); *see also George v. Smith,* 507 F.3d 605, 609–10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."). For a defendant to be liable under Section 1983, he must be personally responsible for the deprivation of the plaintiff's constitutional rights. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). Absent any factual details that the constitutional deprivation occurred at the prison official's direction or with his knowledge and consent, the Court cannot reasonably infer that Pfister should be held liable for any of Henderson's injuries. *Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019). The Court thus grants defendant Pfister's motion to dismiss.

**Conclusion**

For the foregoing reasons, this Court grants defendant's motion to dismiss without prejudice and grants Henderson leave to file an amended complaint [27].

IT IS SO ORDERED.

Date: 6/22/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

5