UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LADELL HENDERSON, | ) | |
| | ) | Case No. 19-cv-00824 |
| Plaintiff, | ) | |
| | ) | Judge Sharon Johnson Coleman |
| v. | ) | |
| | ) | |
| MARLENE HENZE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ladell Henderson, an Illinois inmate housed at Stateville Correctional Center, brings a deliberate indifference medical care claim under the Eighth Amendment. The remaining defendant in this lawsuit is Dr. Marlene Henze, who has been the Statevillle Medical Director since October 2018. Before the Court is Dr. Henze's summary judgment motion under Federal Rule of Civil Procedure 56(a). For the following reasons, the Court grants Dr. Henze's motion.

**Background**

Henderson, who has end-stage renal disease related to his long-term hypertension and diabetes, has received dialysis treatments three times a week while incarcerated at Stateville. Dr. Ismail Qattash, an outside consultant, is the nephrologist who manages Henderson's dialysis. On February 4, 2019, Henderson did not receive dialysis treatment due to a clot in his catheter access port. At that time, Stateville medical staff informed Dr. Henze that the catheter needed to be repaired or replaced. That same day, Dr. Henze sent Henderson to the emergency room at St. Joseph Hospital, but the catheter was not repaired or replaced. St. Joseph Hospital determined that Henderson's condition was not an urgent emergency and that his blood levels were not high enough to be considered an emergency. Accordingly, Henderson returned to Stateville and was unable to receive his dialysis treatment at that time.

On February 5 and 6, Henderson complained to Dr. Henze, after which she told him to be patient and that she had a plan to get him treatment. During this time, Henderson suffered from swelling, shortness of breath, and chest pain. On February 7, Henderson was taken to the University of Illinois Chicago ("UIC") Medical Center where he was diagnosed with pneumonia, a blood clot, and an abnormal heartbeat. To get Henderson admitted to UIC Medical Center, Dr. Henze had to make phone calls to the hospital to see if they would provide her with a nephrologist who would be an accepting physician for Henderson. Dr. Qattash also helped arrange to have Henderson sent to UIC Medical Center. The day after Henderson was admitted to UIC Medical Center, specifically February 8, his catheter was replaced and he received dialysis. UIC Medical Center discharged Henderson on February 20.

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986). When determining whether a genuine issue of material fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Id.* at 255; *Hackett v. City of South Bend*, 956 F.3d 504, 507 (7th Cir. 2020). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (citation omitted).

**Discussion**

Henderson maintains that Dr. Henze violated the Eighth Amendment by waiting until his condition worsened before he was admitted to UIC Medical Center three days after St. Joseph

would not repair his catheter access port. "Prison officials can be liable for violating the Eighth Amendment when they display deliberate indifference towards an objectively serious medical need." *Thomas v. Blackard*, 2 F.4th 716, 721-22 (7th Cir. 2021). To meet this standard, Henderson must show (1) he suffers from an objectively serious medical condition and (2) Dr. Henze had "knowledge of a substantial risk of harm stemming from [Henderson's] serious medical condition and fail[ed] to take reasonable measures to mitigate the risk." *Perry v. Sims*, 990 F.3d 505, 511 (7th Cir. 2021). Deliberate indifference is more than mere negligence and "a mistake in professional judgment cannot be deliberate indifference." *Eagan v. Dempsey*, 987 F.3d 667, 688, 695 (7th Cir. 2021) (citation omitted).

The parties do not dispute that end-stage renal disease is an objectively serious medical condition under the first prong of the deliberate indifference standard. Therefore, the Court's analysis turns on whether Henderson has provided sufficient evidence creating a triable issue of fact to support the inference that Dr. Henze had knowledge of his health conditions and failed to take reasonable measures to mitigate the risks involved. To establish this second prong of the deliberate indifference standard, a "plaintiff might point to a number of things, including the obviousness of the risk, the defendant's persistence in a course of treatment known to be ineffective, or proof that the defendant's treatment decision departed so radically from accepted professional judgment, practice, or standards that a jury may reasonably infer that the decision was not based on professional judgment." *Thomas v. Martija*, 991 F.3d 763, 768 (7th Cir. 2021) (citation omitted). In addition, a significant delay in medical treatment may support a claim of deliberate indifference if the delay results is prolonged and unnecessary pain. *Johnson v. Dominguez*, 5 F.4th 818, 826 (7th Cir. 2021). "[D]elays are common in the prison setting with limited resources, and whether the length of a delay is tolerable depends on the seriousness of the condition and the ease of providing treatment." *Petties v. Carter*, 836 F.3d 722, 730 (7th Cir. 2016) (en banc).

Here, the evidence in the record, viewed in Henderson's favor, shows that Dr. Henze was proactive and took reasonable measures to mitigate the risks involved with Henderson's end-stage renal disease. As soon as she learned of his catheter problems, Dr. Henze immediately sent Henderson to St. Joseph Hospital's emergency room for treatment. When St Joseph Hospital deemed Henderson's condition a non-emergency, Dr. Henze began the process of getting Henderson admitted to UIC Medical Center with the help of Dr. Qattash. Within three days of his discharge from the emergency room at St. Joseph's Hospital, Henderson was admitted to UIC Medical Center where his catheter was replaced and he received dialysis. Furthermore, there is undisputed evidence that based on her professional judgment, Dr. Henze decided Henderson did not need to go to an offsite emergency room the two days after St. Joseph Hospital did not repair his catheter and before he went to UIC Medical Center.

Nonetheless, Henderson argues that Dr. Henze waited until his condition worsened before he was admitted to UIC Medical Center. When an inmate contends that a defendant delayed, rather than denied him medical treatment, he must present medical evidence that the delay, not his underlying condition, caused him harm. *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 964 (7th Cir. 2019).[1] The medical evidence in the record does not show that the three-day delay caused Henderson additional harm unrelated to his underlying conditional of renal disease. Meanwhile, Henderson argues that Dr. Henze never contacted St. Joseph's Hospital to determine why they would not repair or replace his catheter, which is of no moment because it is undisputed that based on her professional judgment, Dr. Henze decided Henderson did not need to go to an offsite

---

[1] Pro se plaintiff has informed the Court that he asked his lawyer to retain an expert, but counsel said he did not need one [104]. Under the circumstances, expert testimony was not necessary, rather, plaintiff was required to provide verifying medical evidence. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010); *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008).

emergency room before he was admitted to UIC. *See Eagan*, 987 F.3d at 695 ("a mistake in professional judgment cannot be deliberate indifference.") (citation omitted).

Henderson also argues that Dr. Henze had a "calculated plan" to let his condition worsen, which is based on speculation and does not defeat summary judgment. *See Johnson v. Enhanced Recovery Co., LLC*, 961 F.3d 975, 985 (7th Cir. 2020). Henderson's assertion that he did not see any medical staff on February 6, alone, does not support his deliberate indifference claim based on the delayed treatment, especially because there is no medical evidence that the short delay caused him prolonged and unnecessary pain. Therefore, the Court grants Dr. Henze's summary judgment motion as dismisses this lawsuit.

**Conclusion**

For the foregoing reasons, this Court grants defendant's motion for summary judgment [95]. Civil case terminated.

IT IS SO ORDERED.

Date: 8/31/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

5